IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| ABIGAIL M. ALT, * | |
| Plaintiff, * | |
| -vs- * | Case No. |
| SCHOOL DISTRICT OF BARABOO, a municipal * corporation, | |
| KEVIN H. VODAK, individually and in his official * capacity as President of the School District of Baraboo Board of Education, * | |
| RAINEY L. BRIGGS, individually and in his official capacity as Superintendent of the School District of Baraboo, * | * |
| YVETTE UPDIKE, individually and in her official * capacity as Executive Director of Finance and Operations for the School District of Baraboo, * | |
| JOEY RIVAS, individually and in his official * capacity as member of the School District of Baraboo Board of Education, * | |
| AMY DELONG, individually and in her official * capacity as member of the School District of Baraboo Board of Education, * | |
| CAROLYN BONANNO, individually and in her * official capacity as member of the School District of Baraboo Board of Education, * | |
| TIM HEILMAN, individually and in his official * capacity as member of the School District of Baraboo Board of Education, * | |
| GWYNNE PETERSON, individually and in her * official capacity as member of the School District of Baraboo Board of Education, * | |
| CATHERINE KALISH, individually and in her * | |

1

official capacity as member of the School District
of Baraboo Board of Education,                                    *

SARAH ECKERT, individually and in her official     *
capacity as Director of Secondary Teaching &
Learning for the School District of Baraboo,           *

                                Defendants.                  *

## COMPLAINT

Plaintiff Abigail M. Alt, by her attorney A. Steven Porter, for and as her Complaint against the above-named defendants, alleges, states and shows the Court as follows:

### JURISDICTION AND VENUE

1. This is an action, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202, for legal, equitable and declaratory relief and to secure protections and redress deprivations, under color of State law, of plaintiff's rights to liberty and property as secured by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the laws of the United States. Plaintiff also alleges pendant claims under the common law of the State of Wisconsin for breach of contract and intentional interference with a beneficial relationship.

2. Jurisdiction over plaintiff's claims pursuant to § 1983 and 28 U.S.C. §§ 2201 and 2202 is vested in this Court pursuant to 28 U.S.C. Section 1331 and 1343(a)(3) and (4).

3. This Court also has supplemental jurisdiction under 28 U.S.C. §1367 over plaintiff's claims under state law.

4. Defendants reside and have their principal places of business in the Western District of Wisconsin, and the unlawful acts alleged herein were committed in the City of Baraboo, Sauk County, Wisconsin in the Western District of Wisconsin.

5.      Venue is vested in this Court pursuant to 28 U.S.C. Section 1391(b).

## PARTIES

6.      Plaintiff Abigail M. Alt is an adult individual who resides in Oregon, Dane County, Wisconsin in the Western District of Wisconsin. At all times pertinent and material to this Complaint, Ms. Alt was employed by defendant School District of Baraboo as a middle school principal.

7.      Defendant School District of Baraboo is a school district duly established by the laws of the state of Wisconsin, with principal offices located at 423 Linn Street, Baraboo, Sauk County, Wisconsin, in the Western District of Wisconsin.

8.      Defendant Kevin H. Vodak is an adult individual who resides at E8850 Diamond Hill Road, North Freedom, Sauk County, Wisconsin 53913, in the Western District of Wisconsin. At all times pertinent and material to this Complaint, defendant Vodak served as President of the Board of Education of defendant School District of Baraboo and acted in the course and scope of that office. Plaintiff is suing defendant Vodak in his individual and official capacities.

9.      Defendant Rainey L. Briggs is an adult individual who resides at 961 Pollow Road, Verona, Dane County, Wisconsin 53593, in the Western District of Wisconsin. At all times pertinent and material to this Complaint, defendant Briggs was employed as the Superintendent by the defendant School District of Baraboo and acted in the course and scope of that employment. Plaintiff is suing defendant Briggs in his individual and official capacities.

10.     Defendant Yvette J. Updike is an adult individual who resides at 456 Inverness Terrace Court, Baraboo, Sauk County, Wisconsin 53913, in the Western District of Wisconsin. At all times pertinent and material to this Complaint, defendant Updike was employed as the

director of business and finance by defendant School District of Baraboo and acted in the course and scope of that employment. Plaintiff is suing defendant Updike in her individual and official capacities.

11. Defendant Joey Rivas is an adult individual who resides at E10350 Forest Road, Baraboo, Sauk County, Wisconsin 53913, in the Western District of Wisconsin. At all times pertinent and material to this Complaint, defendant Rivas served as a duly elected member of the Board of Education of defendant School District of Baraboo and acted in the course and scope of that office. Plaintiff is suing defendant Rivas in his individual and official capacities.

12. Defendant Amy Delong is an adult individual who resides at 1130 College Avenue, Baraboo, Sauk County, Wisconsin 53913, in the Western District of Wisconsin. At all times pertinent and material to this Complaint, defendant Delong served as a duly elected member of the Board of Education of defendant School District of Baraboo and acted in the course and scope of that office. Plaintiff is suing defendant Delong in her individual and official capacities.

13. Defendant Carolyn Bonanno is an adult individual who resides at E11053 Wynsong Drive, Baraboo, Sauk County, Wisconsin 53913, in the Western District of Wisconsin. At all times pertinent and material to this Complaint, defendant Bonanno served as a duly elected member of the Board of Education of defendant School District of Baraboo and acted in the course and scope of that office. Plaintiff is suing defendant Bonanno in her individual and official capacities.

14. Defendant Tim Heilman is an adult individual who resides at 410 Lincoln Avenue, Baraboo, Sauk County, Wisconsin 53913, in the Western District of Wisconsin. At all times pertinent and material to this Complaint, defendant Heilman served as a duly elected member of

the Board of Education of defendant School District of Baraboo and acted in the course and scope of that office. Plaintiff is suing defendant Heilman in his individual and official capacities.

15. Defendant Gwynne Peterson is an adult individual who resides at 606 3rd Avenue, Baraboo, Sauk County, Wisconsin 53913, in the Western District of Wisconsin. At all times pertinent and material to this Complaint, defendant Peterson served as a duly elected member of the Board of Education of defendant School District of Baraboo and acted in the course and scope of that office. Plaintiff is suing defendant Peterson in her individual and official capacities.

16. Defendant Catherine Kalish is an adult individual who resides at 501 12th Street, Baraboo, Sauk County, Wisconsin 53913, in the Western District of Wisconsin. At all times pertinent and material to this Complaint, defendant Kalish served as a duly elected member of the Board of Education of defendant School District of Baraboo and acted in the course and scope of that office. Plaintiff is suing defendant Kalish in her individual and official capacities.

17. Defendant Sarah Eckert is an adult individual who resides at S7668 High Point Drive, Merrimac, Sauk County, Wisconsin 53561, in the Western District of Wisconsin. At all times pertinent and material to this Complaint, defendant Eckert was employed as Director of Secondary Teaching & Learning by defendant School District of Baraboo and acted in the course and scope of that employment. Plaintiff is suing defendant Eckert in her individual and official capacities.

18. The actions of defendants as alleged herein were taken under color of the statutes, ordinances, regulations, customs and usages of the State of Wisconsin.

**ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION**

19.     On July 28, 2022 plaintiff entered into an Administrator Contract with defendant School District of Baraboo Board of Education pursuant to which the defendant School District employed plaintiff as principal of Jack Young Middle School (hereafter JYMS) in the School District of Baraboo. The term of said contract covered the period beginning August 1, 2022 and ending June 30, 2024.

20.     Because of plaintiff's exemplary performance during the 2022-2023 school year, defendant School District offered plaintiff a new two-year contract of employment.

21.     On April 22, 2023, plaintiff and defendant School District entered into the new Administrator Contract (the Contract) to continue plaintiff's employment as the principal of Jack Young Middle School for the period of two more years, from July 1, 2023 through June 30, 2025. Said contract is attached hereto as Exhibit A and incorporated in its entirety herein by reference.

22.     The Contract provided in part:

> On July 1, 2024, and each July 1 thereafter, this Contract shall be automatically extended for an additional contract year (July 1 - June 30) unless on or before February 1, 2024, and each February 1 thereafter (if the Contract has been extended). The Board advises Administrator, in writing, that the Contract is to terminate at the end of the then current two-year term. Any such extended contract shall be pursuant to the same terms and conditions.

23.     Paragraph 22 of the Contract provided, in pertinent part, as follows:

> The Board may terminate this Contract and discharge Administrator [plaintiff] from employment for just cause, provided that Administrator [plaintiff] has received prior notice in writing from Board of its intent and the alleged reason or reasons for such discharge.

(Brackets added.)

24.     Paragraph 22 of the Contract defined "just cause" as:

6

> Just cause includes, but is not limited incompetence or substantial negligence in performance of job duties or obligations; failure or refusal to perform job duties or obligations: a material violation of state or federal law. violation of Board policies or the job description; dishonest, immoral, fraudulent, or criminal conduct by the Administrator; or any conduct similar to that referenced in this paragraph or any combination of the above.

25. On August 14, 2023, defendant Briggs received a complaint from an outside organization about plaintiff's alleged behavior at a school district training and professional development retreat held a week earlier.

26. At about the same time, defendant Sarah Eckert, brought a complaint to Briggs alleging that plaintiff had failed to follow her directions regarding the hiring process to be used in filling a vacant position.

27. After talking to plaintiff and other school district staff, including plaintiff's supervisor, defendant Sarah Eckert, and defendant school board member Delong, Briggs decided on August 16, 2023, to reprimand plaintiff and provide her with a three-day disciplinary suspension without pay and to place her on a personal improvement plan (PIP) to be overseen by Eckert.

28. Eckert used the PIP process to micromanage plaintiff, solicit complaints from other staff, nitpick and constantly find fault with plaintiff's performance and set plaintiff up to fail.

29. As multiple PIP meetings between Eckert and plaintiff – with individual meetings lasting three hours or more -- transpired throughout September and October, 2023, Eckert scrutinized plaintiff's performance more and more intensely and sought out critical feedback from those plaintiff interacted with in performing her job. Eckert became increasingly critical of deficiencies she perceived in the details of plaintiff's day-to-day performance and the

7

interactions plaintiff engaged in with others in performing her job. Eckert also became increasingly critical of plaintiff's progress in fulfilling the letter of all that Eckert expected of her regarding the PIP.

30. On October 18, 2023, Eckert requested a meeting with Briggs to discuss her concerns and the concerns of "numerous staff members" about what Eckert perceived to be mounting misconduct and unprofessionalism on plaintiff's part.

31. On October 19, 2023, Briggs placed plaintiff on a paid, "non-disciplinary leave" pending completion of an investigation of Eckert's report of plaintiff's alleged unprofessional conduct and interactions with staff.

32. Briggs assigned defendant Yvette Updike, the District's Director of Finance and Operations to conduct an investigation into Eckert's and the "multiple staff members'" complaints.

33. Between October 19 and 24, 2023, Updike interviewed Alt and eighteen School District staff members in conducting her investigation.

34. On November 22, 2023, Briggs notified plaintiff in writing that, based upon Updike's investigation report, which he cited in detail in his letter, he intended to recommend that the School District of Baraboo Board of Education terminate plaintiff's Administrator Contract for just cause at its December 11, 2023, meeting.

35. On December 11, 2023, the Board of Education for the School District of Baraboo, considered Briggs' summary of the findings of Updike's investigation, the arguments Briggs presented at the meeting in support of terminating plaintiff's contract, as well as plaintiff's presentation at the meeting in response. The Board then took action by a majority vote

of the full membership of the Board, including the defendant board members named in this Complaint, to terminate the employment of the plaintiff "effective immediately."

36. Pursuant to Section 22 of the Administrator Contract and the grievance procedure set forth in School District Policy 527, plaintiff demanded an evidentiary hearing before an impartial hearing officer (IHO).

37. On April 18, 2024, an evidentiary hearing was held before Katherine Scott Lisiecki, a staff attorney with Wisconsin Employment Relations Commission (WERC) on the issue of whether the School District of Baraboo had just cause to terminate Abigail Alt. At the hearing, plaintiff and the School District were both represented by counsel and the testimony of witnesses was taken under oath. Following the hearing the parties submitted written briefs.

38. On September 16, 2024, IHO Lisiecki issued a written decision and opinion finding that the School District did not have just cause to terminate plaintiff and concluding, therefore, that the School District's decision to terminate plaintiff could not be upheld because it did not have a reasonable basis in fact. IHO Lisiecki found Updike's investigation into the complaints about plaintiff's performance to be seriously flawed and that Updike had materially misrepresented what numerous people she interviewed had told her.

39. IHO Lisiecki ordered the School Board to reinstate plaintiff as the principal of Jack Young Middle School for the remainder of her contract, which was to end on June 30, 2025. IHO Lisiecki further ordered the School District to pay plaintiff her annual salary pursuant to the contract from the date of her termination through the date of her reinstatement.

40. Nevertheless, on November 12, 2024, the School Board took action by a unanimous vote of the defendant members named in this Complaint to reverse the Impartial Hearing Officer's decision because, they decided without explanation, that the decision was

unsupported by substantial evidence in view of the entire record as submitted, was otherwise erroneous, and was in contravention of unspecified public policy decisions.

  41. Notice of Final Decision, signed by defendant Vodak, was sent to plaintiff and Briggs on November 13, 2024.

  42. School District Policy 527 Employee Grievance Procedure permits reversal of the Impartial Hearing Officer's decision if the decision was:

  a. In violation of constitutional provisions;

  b. In excess of the statutory authority or jurisdiction of the school district;

  c. Made upon unlawful procedure or in contravention of this Grievance Policy and Procedure;

  d. Affected by other error of law;

  e. Based upon improper application or interpretation of Board policy;

  f. Unsupported by substantial evidence in view of the entire record as submitted. (As used in this policy, substantial evidence means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion), or otherwise erroneous;

  g. Arbitrary and capricious;

  h. Affected by the inappropriate application of the standard of review by the Impartial Hearing Officer; or

  i. In contravention of public policy considerations.

Other than conclusory statements, the Board articulated no analysis to support a reversal of the IHO's decision on any of these grounds.

  43. The Board's unanimous decision to reverse the decision of the IHO and reinstate their original decision to terminate plaintiff's contract was the unfounded product of the Board members' will and not their reason.

44. The defendants, Vodak, Briggs and Updike, have close personal relationships with each other which predate the time during which plaintiff's claim arose, existed during the time of plaintiff's termination proceedings and continue to the present.

45. Briggs and Updike, were responsible for prosecuting the action to terminate plaintiff's contract. They were both personally and professionally embarrassed by the allegations of the outside complaints about her participation in the August Retreat and each, therefore, had a motive to terminate plaintiff's employment.

46. In addition, the case of Alt v. School District of Baraboo was widely publicized and was followed closely by members of the Baraboo community.

47. It is believed that because of the publicity regarding this matter, Briggs was under great pressure to prevail in this case.

48. On October 19, 2023, plaintiff met with Briggs at a Starbuck's coffee shop and received a letter from Briggs stating that plaintiff was "being placed on paid, non-disciplinary leave pending completion of an investigation of a report of alleged unprofessional conduct and interactions with staff." At the meeting, Briggs presented no evidence to support plaintiff's suspension but stated: "You'd better resign before you can't. Being fired would be career ending."

49. Updike conducted the initial investigation which was the basis for the termination of plaintiff and was under great pressure to see that the result of her investigation was successful in terminating the plaintiff for her own personal reasons.

50. Briggs, Vodak, Eckert and Updike conspired throughout the disciplinary and PIP processes to "build a file" on plaintiff and, thereby, manufacture the appearance of just cause and set plaintiff up for termination of her employment.

51. It is believed that Vodak, Briggs and Updike met on numerous occasions, both publicly and privately, and discussed the personnel actions against plaintiff.

52. It is believed that Vodak, who should have remained independent and impartial in this case, received confidential and private personnel information from Briggs and Updike about the investigation of plaintiff and plaintiff's disciplinary process that he should not have had access to.

53. As president of the Board of Education, Vodak had the power of persuasion over other board members and used the ill-gotten information to sway the opinion of other board members.

54. The actions of Vodak, Briggs and Updike, both in their individual and official capacities, in sharing unauthorized information among themselves were unethical, willful, wanton and reckless and resulted in plaintiff not receiving a fair and impartial review by the Board of Education of the decision of the IHO.

55. After the Board meeting on November 12, 2024, in which the Board voted to terminate plaintiff's employment contract, Briggs, Vodak, Updike and defendant Heilman met for dinner at a local restaurant to celebrate plaintiff's termination.

**FIRST CAUSE OF ACTION UNDER 42 U.S.C. SECTION 1983:**

**PROCEDURAL DUE PROCESS**

56. Plaintiff realleges and incorporates as if fully set forth herein the allegations contained in paragraphs 1 through 55, above.

57. Plaintiff enjoys and is entitled to a property interest in her continued employment absent just cause for termination that was created under the terms of the Administrator Contract.

Plaintiff's property interest in her employment is recognized, protected and guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution and plaintiff may not be deprived of this property interest without Due Process of Law. *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Board of Regents v. Roth*, 408 U.S. 564 (1972).

58. Plaintiff also enjoys and is entitled to a liberty interest in her good reputation based upon her continued employment absent just cause for termination that is created under the terms of the Administrator Contract. Plaintiff's liberty interest in her employment is recognized, protected and guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution and plaintiff may not be deprived of this property interest without Due Process of Law. *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Board of Regents v. Roth*, 408 U.S. 564 (1972).

59. Plaintiff's right to Due Process of Law includes the right to a decision by an impartial decisionmaker. That element of Due Process includes the right to an impartial decisionmaker who is an entity other than the one who made the original decision under review. *Withrow v. Larkin*, 421 U.S. 35 (1975); *Morrissey v. Brewer*, 408 U.S. 471 (1972). Defendants' decision

60. Defendants' actions in acting to terminate plaintiff's contract of employment without just cause and in their conspiring to do so denied plaintiff the benefit of an impartial decisionmaker and, therefore, violated plaintiff's right to be free from deprivation of her property and liberty without Due Process of Law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Defendants are, therefore, liable to plaintiff under 42 U.S.C. § 1983.

61. As a direct, foreseeable and proximate result of defendants' unlawful actions which deprived plaintiff of her rights, plaintiff has suffered irreparable harm and injury that will

continue into the foreseeable future in the form of the loss of earnings and employment benefits and perquisites, lost opportunity for future extensions of her contract of employment and humiliation and loss of reputation in her profession, all of which will result in future vocational loss and opportunity for advancement in her career, emotional distress and other injuries for which there is no adequate remedy at law.

62. Defendants' unlawful actions as alleged in this Complaint were taken in willful, wanton, reckless and malicious disregard of plaintiff's Constitutional rights.

### PLAINTIFF'S SECOND CAUSE OF ACTION UNDER

### THE COMMON LAW OF THE STATE OF WISCONSIN:

### FOR BREACH OF CONTRACT

63. Plaintiff realleges and incorporates as if fully set forth herein the allegations contained in paragraphs 1 through 62, above.

64. Plaintiff and defendant School District entered into a binding written contract of employment that provided at clause 22 that the District could terminate the contract only for cause based upon plaintiff's deficient performance.

65. Clause 22 provided plaintiff with a right to a pre-deprivation hearing to be "conducted with full regard for due process of law."

66. The School District breached the contract of employment with plaintiff in violation of the provisions of Administrator Contract clause 22 and School District Policy 527 when it terminated her employment in contravention of the hearing officer's decision after a full due process hearing that just cause for plaintiff's termination did not exist.

67. Defendant School District's breach of plaintiff's contract of employment has directly caused injury and loss to plaintiff of all of the benefits intended to flow to her from the lawful performance of the contract.

## PLAINTIFF'S THIRD CAUSE OF ACTION UNDER

## THE COMMON LAW OF THE STATE OF WISCONSIN FOR:

## TORTIOUS INTERFERENCE WITH A BENEFICIAL RELATIONSHIP

68. Plaintiff realleges and incorporates as if fully set forth herein the allegations contained in paragraphs 1 through 67, above.

69. The actions of Briggs, Vodak, Eckert and Updike in conspiring to cause the termination of plaintiff's employment for their own personal reasons and animus was contrary to the interests of the School District in the fair and impartial administration of personnel matters and employment contracts based upon performance and merit.

70. Those same actions of Briggs, Vodak, Eckert and Updike intentionally, wrongfully and tortiously interfered with the beneficial employment relationship between plaintiff and the School district.

71. As a direct, foreseeable and proximate result of defendants' unlawful actions which tortiously interfered with plaintiff's employment relationship with the School District plaintiff has suffered irreparable harm and injury that will continue into the foreseeable future in the form of the loss of earnings and employment benefits and perquisites, lost opportunity for future extensions of her contract of employment and humiliation and loss of reputation in her

profession, all of which will result in future vocational loss and opportunity for advancement in her career, emotional distress and other injuries for which there is no adequate remedy at law.

72. Defendants' unlawful actions as alleged in this Complaint were taken in willful, wanton, reckless and malicious disregard of plaintiff's right to be free from intentional interference with her beneficial relationship with the School Board.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff demands the following relief:

A. Declare and adjudge pursuant to 28 U.S.C. Section 2201, that by way of the adverse actions complained of herein, defendants deprived plaintiff of her right to due process under the Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

B. Order defendants jointly and severally to pay to plaintiff her lost back salary, future salary and other lost earnings plus interest, and to compensate her for her lost employment benefits proximately caused by defendants' violation of plaintiff's rights guaranteed to her by the United States Constitution.

C. Order defendants jointly and severally to pay to plaintiff an amount sufficient to compensate her for her lost future earning capacity.

D. Order defendants jointly and severally to pay to plaintiff an amount sufficient to compensate her for her past and future emotional distress, humiliation and loss of personal and professional reputation.

  E.  Order defendants to reinstate plaintiff to the position from which she was discharged with full responsibilities, seniority, benefits, pay and other contractual rights restored, and to purge all files and records within the possession or control of defendants of documents containing adverse information resulting from defendants' unlawful actions.

  F.  Order the individual defendants to pay to plaintiff an amount sufficient to punish them and to deter them and others from the willful, wanton, reckless and malicious disregard of the rights of plaintiff and others.

  G.  Order defendant to pay plaintiff's costs, disbursements and attorney's fees reasonably incurred in this action.

  H.  Order such other and further relief as the Court deems just and reasonable under the circumstances.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF SIX QUALIFIED PERSONS.**

Dated this 18th day of March, 2025.

                   /s/ A. Steven Porter
                   Attorney A. Steven Porter
                   State Bar No. 01000195
                   Attorney for Plaintiff
                   Abigail M. Alt

P.O. Box 7093
Madison, Wisconsin 53707
(608) 262-2285
(608) 819-6466 (fax)
(608) 698-9319 (cell)
asp5949@gmail.com