IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ABIGAIL M. ALT,

        Plaintiff,

v.

SCHOOL DISTRICT OF BARABOO,      Case No. 25-CV-208
KEVIN H. VODAK,
RAINEY L. BRIGGS,
YVETTE UPDIKE,
JOEY RIVAS,
AMY DELONG,
CAROLYN BONANNO,
TIM HEILMAN,
GWYNNE PETERSON,
CATHERINE KALISH,
SARAH ECKERT,

        Defendants.

---

**ANSWER AND AFFIRMATIVE DEFENSES OF KEVIN H. VODAK, RAINEY L. BRIGGS, YVETTE UPDIKE, JOEY RIVAS, AMY DELONG, CAROLYN BONANNO, TIM HEILMAN, GWYNNE PETERSON, CATHERINE KALISH, AND SARAH ECKERT**

---

NOW COME the Defendants, Kevin H. Vodak, Rainey L. Briggs, Yvette Updike, Joey Rivas, Amy Delong, Carolyn Bonanno, Tim Heilman, Gwynne Peterson, Catherine Kalish, and Sarah Eckert, by and through their attorneys, Renning, Lewis & Lacy, S.C., and as and for their Answer and Affirmative Defenses to the Plaintiff's Complaint, allege and show the Court as follows:

**JURISDICTION AND VENUE**

1.     As to Paragraph 1 of the Plaintiff's Complaint, the allegations contained therein are legal conclusions to which no answer is required; however, to the extent an answer

1

is required, the Defendants admit that the Court has subject matter jurisdiction over Plaintiff's Complaint. The Defendants deny any and all remaining allegations.

2. As to Paragraph 2 of the Plaintiff's Complaint, the allegations contained therein are legal conclusions to which no answer is required; however, to the extent an answer is required, the Defendants admit that the Court has subject matter jurisdiction over Plaintiff's Complaint. The Defendants deny any and all remaining allegations.

3. As to Paragraph 3 of the Plaintiff's Complaint, the allegations contained therein are legal conclusions to which no answer is required; however, to the extent an answer is required, the Defendants admit that the Court has subject matter jurisdiction over Plaintiff's Complaint. The Defendants deny any and all remaining allegations.

4. As to Paragraph 4 of the Plaintiff's Complaint, the Defendants admit that they reside in the Western District of Wisconsin, that the District's principal office is located in the Western District of Wisconsin, and that venue is appropriate in the Western District of Wisconsin. The Defendants deny any and all remaining allegations.

5. As to Paragraph 5 of the Plaintiff's Complaint, the Defendants admit that venue is appropriate in the Western District of Wisconsin. The Defendants deny any and all remaining allegations.

**PARTIES**

6. As to Paragraph 6 of the Plaintiff's Complaint, the Defendants admit that the District previously employed the Plaintiff as a Middle School Principal. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

7. As to Paragraph 7 of the Plaintiff's Complaint, the Defendants admit the allegations.

8. As to Paragraph 8 of the Plaintiff's Complaint, the Defendants admit that Kevin H. Vodak resides in the Western District of Wisconsin at the address stated, except that his correct zip code is 53951, and that he previously served as the President of the District's Board of Education. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

9. As to Paragraph 9 of the Plaintiff's Complaint, the Defendants admit that Rainey L. Briggs resides in the Western District of Wisconsin at the address stated and that the District previously employed Rainey L. Briggs as the District's Superintendent. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

10. As to Paragraph 10 of the Plaintiff's Complaint, the Defendants admit that Yvette Updike resides in the Western District of Wisconsin at the address stated and that the District employs Yvette Updike as the District's Executive Director of Finance and Operations. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

11. As to Paragraph 11 of the Plaintiff's Complaint, the Defendants admit that Joey Rivas resides in the Western District of Wisconsin at the address stated and is a member of the District's Board of Education. The Defendants lack knowledge and

information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

12. As to Paragraph 12 of the Plaintiff's Complaint, the Defendants admit that Amy Delong resides in the Western District of Wisconsin at the address stated and is a member of the District's Board of Education. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

13. As to Paragraph 13 of the Plaintiff's Complaint, the Defendants admit that Carolyn Bonanno resides in the Western District of Wisconsin at the address stated and that she is a member of the District's Board of Education. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

14. As to Paragraph 14 of the Plaintiff's Complaint, the Defendants admit that Tim Heilman resides in the Western District of Wisconsin at the address stated and is a member of the District's Board of Education. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

15. As to Paragraph 15 of the Plaintiff's Complaint, the Defendants admit that Gwynne Peterson resides in the Western District of Wisconsin at the address stated and is a member of the District's Board of Education. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

16. As to Paragraph 16 of the Plaintiff's Complaint, the Defendants admit that Catherine Kalish resides in the Western District of Wisconsin at the address stated and previously served as a member of the District's Board of Education. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

17. As to Paragraph 17 of the Plaintiff's Complaint, the Defendants admit that Sarah Eckert resides in the Western District of Wisconsin at the address stated and that the District previously employed Sarah Eckert as the Director of Secondary Teaching & Learning. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

18. As to Paragraph 18 of the Plaintiff's Complaint, the Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

**ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION**

19. As to Paragraph 19 of the Plaintiff's Complaint, the Defendants admit the allegations.

20. As to Paragraph 20 of the Plaintiff's Complaint, the Defendants admit that the District offered the Plaintiff a new two-year contract of employment. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

21. As to Paragraph 21 of the Plaintiff's Complaint, the Defendants admit the allegations.

22. As to Paragraph 22 of the Plaintiff's Complaint, the Defendants admit that the excerpted language is contained in the Administrator Contract. The Defendants deny any and all remaining allegations.

23. As to Paragraph 23 of the Plaintiff's Complaint, the Defendants admit that the excerpted language is contained in the Administrator Contract. The Defendants deny any and all remaining allegations.

24. As to Paragraph 24 of the Plaintiff's Complaint, the Defendants deny the allegations and affirmatively state that the excerpted language contains an error such that it does not match the language contained in the Administrator Contract.

25. As to Paragraph 25 of the Plaintiff's Complaint, the Defendants admit the allegations.

26. As to Paragraph 26 of the Plaintiff's Complaint, the Defendants admit the allegations.

27. As to Paragraph 27 of the Plaintiff's Complaint, the Defendants admit that Dr. Briggs issued a 3-day unpaid suspension on or about August 16, 2023, and that the District placed the Plaintiff on a Performance Improvement Plan on or about September 8, 2023. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

28. As to Paragraph 28 of the Plaintiff's Complaint, the Defendants deny the allegations.

29. As to Paragraph 29 of the Plaintiff's Complaint, the Defendants deny the allegations.

30. As to Paragraph 30 of the Plaintiff's Complaint, the Defendants admit that Ms. Eckert requested a meeting with Dr. Briggs and Mr. Doty to discuss multiple concerns related to the Plaintiff. The Defendants deny any and all remaining allegations.

31. As to Paragraph 31 of the Plaintiff's Complaint, the Defendants admit that Dr. Briggs placed the Plaintiff on a paid, non-disciplinary leave pending completion of an investigation of a report of alleged unprofessional conduct and interactions with staff. The Defendants deny any and all remaining allegations.

32. As to Paragraph 32 of the Plaintiff's Complaint, the Defendants admit that Dr. Briggs assigned Ms. Updike, Executive Director of Finance and Operations, to conduct an investigation into the report of alleged unprofessional conduct and interactions with staff. The Defendants deny any and all remaining allegations.

33. As to Paragraph 33 of the Plaintiff's Complaint, the Defendants admit that Ms. Updike interviewed approximately sixteen (16) District employees, including the Plaintiff. The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore deny same.

34. As to Paragraph 34 of the Plaintiff's Complaint, the Defendants admit that on November 22, 2023, Dr. Briggs notified the Plaintiff in writing that he intended to recommend to the District's Board of Education that it terminate the Plaintiff's Administrator Contract at its December 11, 2023, Regular School Board Meeting, and further admit that the letter set forth in detail the reasons for Dr. Briggs' recommendation. The Defendants deny any and all remaining allegations.

35. As to Paragraph 35 of the Plaintiff's Complaint, the Defendants admit that the District's Board of Education (which consisted of Amy DeLong, Tim Heilman, Katie Kalish, Mike Kohlman, Gwynne Peterson, Alex Schenck, and Kevin Vodak) received information from the Administration and the Plaintiff at the Board of Education Meeting on December 11, 2023, and took action by a majority vote of the full membership of the Board to terminate the Plaintiff's employment effective immediately. The Defendants deny any and all remaining allegations.

36. As to Paragraph 36 of the Plaintiff's Complaint, the Defendants admit that the Plaintiff demanded a hearing before an impartial hearing officer (IHO). The Defendants lack knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

37. As to Paragraph 37 of the Plaintiff's Complaint, the Defendants admit the allegations.

38. As to Paragraph 38 of the Plaintiff's Complaint, the Defendants admit the allegations in the first sentence. The Defendants deny any and all remaining allegations.

39. As to Paragraph 39 of the Plaintiff's Complaint, the Defendants admit that the Impartial Hearing Officer issued orders to that effect. The Defendants deny any and all remaining allegations.

40. As to Paragraph 40 of the Plaintiff's Complaint, the Defendants admit that the District's Board of Education took action by unanimous vote to reverse the Impartial Hearing Officer's decision under the Grievance Procedure because her decision was unsupported by substantial evidence in view of the entire record as

submitted, was otherwise erroneous, and was in contravention of public policy decisions. The Defendants deny any and all remaining allegations.

41. As to Paragraph 41 of the Plaintiff's Complaint, the Defendants admit the allegations.

42. As to Paragraph 42 of the Plaintiff's Complaint, the Defendants admit that Board Policy 527 states that the Impartial Hearing Officer's decision will be reversed based upon the grounds specified. The Defendants deny the remaining allegations.

43. As to Paragraph 43 of the Plaintiff's Complaint, the Defendants deny the allegations.

44. As to Paragraph 44 of the Plaintiff's Complaint, the Defendants deny the allegations.

45. As to Paragraph 45 of the Plaintiff's Complaint, the Defendants deny the allegations.

46. As to Paragraph 46 of the Plaintiff's Complaint, the Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations and therefore deny same.

47. As to Paragraph 47 of the Plaintiff's Complaint, the Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations and therefore deny same.

48. As to Paragraph 48 of the Plaintiff's Complaint, the Defendants admit that Dr. Briggs met with the Plaintiff at a Starbucks and provided her with a letter containing the excerpted language. The Defendants deny any and all remaining allegations.

49. As to Paragraph 49 of the Plaintiff's Complaint, the Defendants deny the allegations.

50. As to Paragraph 50 of the Plaintiff's Complaint, the Defendants deny the allegations.

51. As to Paragraph 51 of the Plaintiff's Complaint, the Defendants deny the allegations.

52. As to Paragraph 52 of the Plaintiff's Complaint, the Defendants deny the allegations.

53. As to Paragraph 53 of the Plaintiff's Complaint, the Defendants deny the allegations.

54. As to Paragraph 54 of the Plaintiff's Complaint, the Defendants deny the allegations.

55. As to Paragraph 55 of the Plaintiff's Complaint, the Defendants deny the allegations.

**FIRST ALLEGED CAUSE OF ACTION UNDER 42 U.S.C. SECTION 1983:**
**PROCEDURAL DUE PROCESS**

56. As to Paragraph 56 of the Plaintiff's Complaint, there are no allegations to which a response is required. To the extent that a response is required, the Defendants deny the allegations.

57. As to Paragraph 57 of the Plaintiff's Complaint, the allegations contained therein are legal conclusions to which no answer is required; however, to the extent an answer is required, the Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations and therefore deny same.

58. As to Paragraph 58 of the Plaintiff's Complaint, the allegations contained therein are legal conclusions to which no answer is required; however, to the extent an answer is required, the Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations and therefore deny same.

59. As to Paragraph 59 of the Plaintiff's Complaint, the allegations contained therein are legal conclusions to which no answer is required; however, to the extent an answer is required, the Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations and therefore deny same.

60. As to Paragraph 60 of the Plaintiff's Complaint, the Defendants deny the allegations.

61. As to Paragraph 61 of the Plaintiff's Complaint, the Defendants deny the allegations.

62. As to Paragraph 62 of the Plaintiff's Complaint, the Defendants deny the allegations.

**SECOND ALLEGED CAUSE OF ACTION UNDER THE COMMON LAW OF WISCONSIN: FOR BREACH OF CONTRACT**

63. As to Paragraph 63 of the Plaintiff's Complaint, there are no allegations to which a response is required. To the extent that a response is required, the Defendants deny the allegations.

64. As to Paragraph 64 of the Plaintiff's Complaint, the Defendants deny the allegations.

65. As to Paragraph 65 of the Plaintiff's Complaint, the allegations contained therein are legal conclusions to which no answer is required; however, to the extent an answer is required, the Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations and therefore deny same.

66. As to Paragraph 66 of the Plaintiff's Complaint, the Defendants deny the allegations.

67. As to Paragraph 67 of the Plaintiff's Complaint, the Defendants deny the allegations.

**THIRD ALLEGED CAUSE OF ACTION UNDER THE COMMON LAW OF THE STATE OF WISCONSIN FOR: TORTIOUS INTERFERENCE WITH A BENEFICIAL RELATIONSHIP**

68. As to Paragraph 68 of the Plaintiff's Complaint, there are no allegations to which a response is required. To the extent that a response is required, the Defendants deny the allegations.

69. As to Paragraph 69 of the Plaintiff's Complaint, the Defendants deny the allegations.

70. As to Paragraph 70 of the Plaintiff's Complaint, the Defendants deny the allegations.

71. As to Paragraph 71 of the Plaintiff's Complaint, the Defendants deny the allegations.

72. As to Paragraph 72 of the Plaintiff's Complaint, the Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Plaintiff has failed to state a claim upon which relief can be granted.

2. The Plaintiff's claims are subject to dismissal for insufficient process.

3. The Plaintiff failed to comply with Wis. Stat. § 893.80.

4. The individual Defendants are entitled to qualified immunity.

5. The damage limitations under Wis. Stat. § 893.80(3) apply.

6. The immunity provisions of Wis. Stat. § 893.80(4) apply.

7. The Defendants did not deprive the Plaintiff of any property right without due process of law.

8. The Plaintiff's injuries and/or damages may have been proximately caused by the actions of the Plaintiff and/or the actions of persons over whom the Defendants have no responsibility or control.

9. The Plaintiff may have failed to mitigate her damages (if any) as required by law.

WHEREFORE, the Defendants respectfully request that the Court dismiss the Plaintiff's Complaint and award the Defendants their costs, attorney's fees, and such other relief the Court deems just and equitable.

Dated this 19th day of June, 2025.

RENNING, LEWIS & LACY, S.C.
Attorneys for Defendants

s/Jenna E. Rousseau
Jenna E. Rousseau, WI SBN 1065236

Green Bay Office:
205 Doty Street, Suite 201
Green Bay, WI 54301